IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**EBONY CHAMBERS STILLWELL,**

    **Petitioner,**

v.                                      Case No. 4:18cv317-WS/CAS

**CRAIG E. COIL, WARDEN,**

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about June 12, 2018, Petitioner Ebony Chambers Stillwell, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On September 4, 2018, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 8. Petitioner has not filed a reply, although given the opportunity to do so. *See* ECF No. 6.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes Petitioner has not demonstrated entitlement to proceed under section 2241 and this petition should be dismissed.

## Background

On October 25, 2016, Petitioner Ebony Chambers Stillwell pleaded guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, in case number 8:16-cr-210-T-33TGW in the United States District Court for the Middle District of Florida.  *See* ECF Nos. 8-1 (Indictment), 8-2 (Clerk's Minutes), 8-3 (Judgment).  On March 17, 2017, the court sentenced Stillwell, in accordance with the plea agreement, to thirty-six (36) months in prison, followed by five (5) years of supervised release, as well as ordering restitution in the amount of $249,997.55 and imposing a forfeiture money judgment in the amount of $252,107.07.  ECF No. 8-3. Stillwell did not file a direct appeal or a motion for relief from judgment pursuant to 28 U.S.C. § 2255.  *See* ECF No. 8 at 2, ECF No. 8-4.

As indicated above, on June 12, 2018, Stillwell filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  She raises one ground, asserting her conviction was "obtained without proper jurisdiction," due to "lack of subject matter jurisdiction," resulting in her being in custody in "violation of the Constitution."  *Id*. at 3.

On September 4, 2018, Respondent filed a motion to dismiss, with exhibits.  ECF No. 8.  Respondent asserts this Court lacks jurisdiction and

Stillwell has not raised a claim upon which relief may be granted.  *Id*. at 1-3.  Respondent further asserts that, even if this Court has jurisdiction, Stillwell's claim lacks merit as the Middle District had jurisdiction over her criminal case.  *Id*. at 6-8.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.  *See* United States v. Hayman, 342 U.S. 205 (1952).  The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement.  342 U.S. at 213.  Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted section 2255 of Title 28.  *See id*. at 212–14, 218.

The language of section 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving section 2241 available to challenge the continuation or execution of an initially valid confinement. *See* McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence).   Thus, section 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In her § 2241 petition, although Stillwell indicates she challenges the "execution of sentence," she actually argues the federal court did not have subject matter jurisdiction, ECF No. 1 at 2-3.  She thus challenges her conviction.  A collateral attack on the validity of a federal conviction is properly brought under 28 U.S.C. § 2255 in the district of conviction, which in this case is the Middle District of Florida.  *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan, 915 F.2d at 629.  *Accord* McCarthan, 851 F.3d at 1089.

Further, § 2255(e) bars a § 2241 petition if the prisoner "has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*"  28 U.S.C. § 2255(e) (emphasis added); McCarthan, 851 F.3d at 1081.  The italicized language, known as the "saving clause," provides a narrow exception to the bar and allows review of a § 2241 habeas petition only in limited circumstances.  McCarthan, 851 F.3d at 1081-82 ("'[S]*aving*[, not savings,] is the precise word' for 'a statutory provision exempting from coverage something that would otherwise be included' . . . ; it has nothing to do with saving a statute from unconstitutionality . . . .").  "The

applicability of the saving[] clause is a threshold jurisdictional issue, and the saving[] clause imposes a subject-matter jurisdictional limit on § 2241 petitions." Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014) (citing Williams, 713 F.3d at 1337-38). A petitioner has the burden of demonstrating entitlement to proceed under the saving clause. Id.; *accord* McCarthan, 851 F.3d at 1081.

In particular, in McCarthan, the Eleventh Circuit explained:

> To determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim. And to answer this question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

McCarthan, 851 F.3d at 1086-87; *see id*. at 1079-80, 1096-99 (overruling Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013); and Mackey v. Warden, FCC Coleman-Medium, 739 F.3d 657 (11th Cir. 2014)). The Eleventh Circuit has determined that "[l]imiting the saving clause to claims that are not cognizable or that cannot be remedied under section 2255 respects the entire system of collateral review." *Id*. at 1092. The court explained that only a few circumstances exist where a § 2255 motion would prove

inadequate or ineffective to test a petitioner's claim:

> The saving clause has meaning because not all claims can be remedied by section 2255.  A prisoner sentenced by a federal court, for example, may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations.  The saving clause also allows a prisoner to bring a petition for a writ of habeas corpus when the sentencing court is unavailable.  Other circuits have held that a prisoner may file a petition for a writ of habeas corpus if his sentencing court has been dissolved.  Or, as our sister circuit has held, perhaps practical considerations (such as multiple sentencing courts) might prevent a petitioner form filing a motion to vacate.  "But only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'"

*Id*. at 1092-93 (citations omitted).   Here, Petitioner Stillwell has not shown entitlement to proceed under the saving clause as her claims regarding the validity of her conviction are cognizable under § 2255.   Because she had an adequate and effective remedy by motion under § 2255, this Court does not have subject matter jurisdiction over this habeas petition.

Therefore, in this case, review under § 2241 is not available as Stillwell essentially challenges the validity of her conviction.   Further, Stillwell has not shown entitlement to review under the saving clause, to open the § 2241 portal.   Accordingly, this § 2241 petition should be dismissed for lack of jurisdiction.

Case No. 4:18cv317-WS/CAS

## Conclusion

For the reasons set forth above, it is **RECOMMENDED** the Respondent's motion to dismiss (ECF No. 8) be **GRANTED** and the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED for lack of jurisdiction**.

**IN CHAMBERS** at Tallahassee, Florida, on November 1, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**